## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TENNESSEE
## WESTERN DIVISION

| | | |
|---|---|---|
| JEREMY GREY,<br>individually and on behalf of all others<br>similarly situated,<br><br>    Plaintiff,<br><br>vs.<br><br>FLOWBIRD<br>URBAN INTELLIGENCE, U.S.,<br>d/b/a Parkeon<br><br><br><br>    Defendants. | \*<br>\*<br>\*<br>\*<br>\*<br>\*<br>\*<br>\*<br>\*<br>\*<br>\*<br>\*<br>\*<br>\*<br>\* | Case No._____ |

## CLASS ACTION COMPLAINT

Comes now Jeremy Grey, ("Plaintiff") on behalf of himself and all others similarly situated and alleges as follows:

### INTRODUCTION

1.    Plaintiff Jeremy Grey brings this action individually and on behalf of all others similarly situated against Flowbird Urban Intelligence, U.S., d/b/a Parkeon, ("Defendant"), alleging violations of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12101 et seq., (the "ADA") and its implementing regulations.

2.    Plaintiff is a wheelchair bound individual. He brings this civil rights class action against Defendant for failing to design, construct, own, operate and/or control parking meter kiosks ("Kiosks") at tens of thousands of locations throughout the United States that are fully accessible to, and independently usable by, wheelchair bound individuals.

3.      The Kiosks are not fully accessible and independently usable by wheelchair bound individuals because the Kiosks incorporate touch screen interfaces that require the operator to press buttons over the maximum allowable height as defined by the ADA.

4.      Because wheelchair bound individuals cannot reach all Kiosk controls, they cannot independently browse, select and pay for parking at Defendant's Kiosks, and instead must rely upon non-wheelchair bound companions or strangers to assist them. Specifically, operable buttons on the touch screen interface required for paying for parking exceed the maximum allowable height defined by the ADA.

5.      Defendant's use of visual interfaces at its Kiosks discriminates against wheelchair bound consumers in violation of the ADA.

6.      Technology that would make the Kiosks accessible to and independently usable by wheelchair bound consumers is readily available.

7.      On behalf of a class of similarly situated individuals, Plaintiff seeks a declaration that the Kiosks violate federal law as described and an injunction requiring Defendants to update or replace all Kiosks that are in violation of the mandatory requirements of the ADA so that they are fully accessible to, and independently usable by, wheelchair bound individuals.

## THE ADA AND ITS IMPLEMENTING REGULATIONS

8.      On July 26, 1990, President George H.W. Bush signed into law the ADA, a comprehensive civil rights law prohibiting discrimination on the basis of disability.

9.      The ADA broadly protects the rights of individuals with disabilities in employment, access to State and local government services, places of public accommodation, transportation, and other important areas of American life.

2

10.     Title III of the ADA prohibits discrimination in the activities of places of public accommodation and requires places of public accommodation to comply with ADA standards and to be readily accessible to, and independently usable by, individuals with disabilities. 42 U.S.C. § 12181-89.

11.     Defendant owns, operates, controls and/or leases places of public accommodation.

12.     Defendant's Kiosks are not fully accessible to, and independently usable by, wheelchair bound individuals.

13.     While Defendant has centralized management policies regarding the Kiosks, those policies are inadequate, and Defendant's Kiosks continue to be inaccessible to, and not independently usable by, wheelchair bound individuals.

<b>JURISDICTION AND VENUE</b>

14.     This Court has federal question jurisdiction pursuant to 28 U.S.C. §1331 and 42 U.S.C. § 12188.

15.     Plaintiff's claims asserted herein arose in this judicial district and Defendants do substantial business in this judicial district.

16.     Venue in this judicial district is proper under 28 U.S.C. § 1391(b)(2) in that this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred.

<b>PARTIES</b>

17.     Plaintiff, Jeremy Grey, is and, at all times relevant hereto, has been a resident of the state of Tennessee, residing within the Western District of Tennessee. Plaintiff is and, at all times relevant hereto, has been wheelchair bound and is therefore a member of a protected class

3

under the ADA, 42 U.S.C. § 12102(2) and the regulations implementing the ADA set forth at 28 CFR §§ 36.101 et seq.

18.     Plaintiff is also an independent advocate of the rights of similarly situated disabled persons and is a "tester" for the purpose of enforcing Plaintiff's civil rights, monitoring, determining and ensuring whether places of public accommodation are in compliance with the ADA. Plaintiff's motivation is to return to a location, in part, stems from a desire to utilize ADA litigation to make his home community more accessible for Plaintiff and others. Plaintiff pledges to do whatever is necessary to create the requisite standing to confer jurisdiction upon this Court so an injunction can be issued correcting the numerous ADA violations on the Subject Property.

19.     Upon information and belief, Defendant is a New Jersey corporation that maintains its principal place of business at 40 Twosome Drive, Suite 7, Moorestown, New Jersey 08057.

20.     Defendants is a public accommodation pursuant to 42 U.S.C. § 12181(7)(F).

22.     On information and belief, Defendant provides self-service pay-to-park kiosks to the public parking garages and other public areas. Defendant regularly conduct business throughout the United States, including within this judicial district, by placing these kiosks in areas accessible to the public. On information and belief, Defendant derives revenue by charging space by the use of its kiosks.

**VIOLATIONS AT ISSUE**

24.     On December 28, 2020, Plaintiff visited a Parkeon Kiosk inside a parking garage at 2100 Court Avenue., Memphis, Tennessee, in a commercial area known as "Overton Square." The Subject Property is less than 30 miles from the Plaintiff's home.

25.     Plaintiff has visited the Subject Property at least once as a patron and advocate for the disabled. Plaintiff intends on revisiting the Subject Property within six months of the filing of

4

this Complaint or sooner, as soon as the barriers to access detailed in this Complaint are removed. The purpose of the revisit is to be a regular patron, to determine if and when the Subject Property is made accessible, and to maintain standing for this lawsuit for Advocacy Purposes.

26.     Plaintiff attempted to operate a Parkeon Kiosk located inside the parking garage at 2100 Court Avenue but was unable to use the kiosk independently because, at the time of the visit, Defendant's Kiosk was not fully accessible to, and independently usable by, wheelchair bound individuals, as above described.

27.     Based upon an investigation performed on Plaintiff's behalf, Plaintiff alleges that most or all of Defendant's Parkeon Kiosks are similarly not independently usable by wheelchair bound individuals.

28.     Defendant does not provide any auxiliary aids or services calculated to make its Kiosks fully accessible to, and independently usable by, wheelchair bound individuals.

29.     As a result of Defendant's non-compliance with the ADA, Plaintiff and the Class, unlike persons not wheelchair bound, cannot independently engage in a transaction at the Kiosks.

30.     Upon information and belief, Defendant's Kiosks lack the elements required to make them fully accessible to, and independently usable by, wheelchair bound individuals.

31.     As a wheelchair bound individual, Plaintiff has a keen interest in whether public accommodations that offer goods and services through kiosks are fully accessible to, and independently usable by, wheelchair bound individuals.

32.     Plaintiff intends to return to the parking garage at 2100 Court Avenue to eat and shop in the Overton Square commercial area and to ascertain whether the Kiosks remain in violation of the ADA.

33.     Without injunctive relief, Plaintiff will continue to be unable to independently use the Kiosks in violation of his rights under the ADA.

## CLASS ALLEGATIONS

34.     Plaintiff brings this class action on behalf of himself and all others similarly situated pursuant to Rules 23(a) and 23(b)(2) of the Federal Rules of Civil Procedure, on behalf of all wheelchair bound individuals who have attempted, or will attempt, to use Parkeon Kiosks at all locations throughout the United States.

35.     Numerosity:  The class described above is so numerous that joinder of all individual members in one action would be impracticable. The disposition of the individual claims of the respective class members through this class action will benefit both the parties and this Court.

36.      Common Questions of Fact and Law: There is a well-defined community of interest and common questions of fact and law affecting members of the class in that they all have been and/or are being denied their civil rights to full and equal access to, and use and enjoyment of, Defendant's facilities and/or services due to Defendant's failure to make its Kiosks fully accessible and independently usable as above described.

37.     Typicality: Plaintiff's claims are typical of the claims of the members of the class. The claims of the Plaintiff and members of the class are based on the same legal theories and arise from the same unlawful conduct.

38.     Adequacy of Representation: Plaintiff is an adequate representative of the class because his interests do not conflict with the interests of the members of the class. Plaintiff will fairly, adequately, and vigorously represent and protect the interests of the members of the class and has no interests antagonistic to the members of the class. Plaintiff has retained counsel who

are competent and experienced in the prosecution of class action litigation, generally, and who

possess specific expertise in the context of class litigation under the ADA.

39.     Class certification is appropriate pursuant to Fed. R. Civ. P. 23(b)(2) because

Defendant has acted or refused to act on grounds generally applicable to the Class, making

appropriate both declaratory and injunctive relief with respect to Plaintiff and the Class as a whole.

## SUBSTANTIVE VIOLATION

40.     The allegations contained in the previous paragraphs are incorporated by reference.

41.     Defendant has discriminated against Plaintiff and the Class in that it has failed to

make its Kiosks fully accessible to, and independently usable by, individuals who are wheelchair

bound in violation of 42 U.S.C. § 12182(a) as described above.

42.     Defendant has discriminated against Plaintiff and the Class in that Defendant has

failed to  make its Kiosks fully accessible to, and independently usable by, individuals who are

wheelchair bound in violation of 42 U.S.C. § 12101, 12102(2) and 28 C.F.R. § 36.101 et seq.

Providing the auxiliary aids and services mandated by the ADA would neither fundamentally alter

the nature of Defendant's business nor result in an undue burden to Defendant.

43.     Defendant's conduct is ongoing, and, given that Defendant has not complied with

the ADA's requirements that public accommodations make its Kiosks fully accessible to, and

independently usable by, wheelchair bound individuals, Plaintiff invokes his statutory right to

declaratory and injunctive relief, as well as costs and attorneys' fees.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of himself and the members of the class, prays for:

a.      A Declaratory Judgment that at the commencement of this action Defendant was in
        violation of the specific requirements of Title III of the ADA described above, and
        the relevant implementing regulations of the ADA, in that Defendant took no action

that was reasonably calculated to ensure that all of its Kiosks were fully accessible to, and independently usable by, wheelchair bound individuals;

b.     A permanent injunction pursuant to 42 U.S.C. § 12188(a)(2) and 28 CFR § 36.504 (a) which directs Defendant to take all steps necessary to bring its Kiosks into full compliance with the requirements set forth in the ADA, and its implementing regulations, so that the Kiosks are fully accessible to, and independently usable by, wheelchair bound individuals, and which further directs that the Court shall retain jurisdiction for a period to be determined by the Court to ensure that Defendant has adopted and is following an institutional policy that will in fact cause Defendant to remain fully in compliance with the law;

c.     An Order certifying the class proposed by Plaintiff, and naming Plaintiff as a class representative and appointing his counsel as class counsel;

d.     Payment of costs of suit;

e.     Payment of reasonable attorneys' fees, pursuant to 42 U.S.C. § 12205 and 28 CFR § 36.505; and,

f.     The provision of whatever other relief the Court deems just, equitable and appropriate.

Dated: January 7, 2021

                                                  Respectfully Submitted,

                                                  By: /s/ J. Luke Sanderson__
                                                  J. Luke Sanderson, Esq.
                                                  Counsel for Plaintiff
                                                  Tennessee BPR: 35712

Of Counsel:
Wampler, Carroll, Wilson & Sanderson, P.C.
44 N. 2nd Street, Suite 500-502
Memphis, TN 38103
Phone: (901) 523-1844
Email: luke@wcwslaw.com